IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60440
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUBERT C. FUNCHESS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:93-CR-114WN-3
- - - - - - - - - -
August 5, 1996

Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Hubert C. Funchess appeals his convictions of conspiracy to possess with intent to distribute cocaine and use of a communication facility in furtherance of a drug crime, in violation of 21 U.S.C. §§ 843(b), 846. Funchess contends that the district court erred by allowing the introduction of audio tapes and testimony regarding other criminal acts, that the jury verdict was not supported by the evidence, and that he received

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

ineffective assistance of trial counsel.  Our review of the record and the arguments and authorities convince us that no reversible error was committed.  The Government properly authenticated the audio tapes.  See United States v. Polk, 56 F.3d 613, 631 (5th Cir. 1995).  The testimony of previous criminal activity was intrinsic because it was "`inextricably intertwined' with the evidence used to prove [the] crime[s] charged."  See United States v. Coleman, 78 F.3d 154, 156 (5th Cir. 1996).  The evidence was sufficient to prove the charged crimes.  See Polk, 56 F.3d 613, 628; United States v. Crain, 33 F.3d 480, 487-88 (5th Cir. 1994), cert. denied, 115 S. Ct. 1142 (1995); United States v. Gonzales-Rodriquez, 966 F.2d 918, 921 (5th Cir. 1992).  This court may "resolve claims of constitutional ineffective assistance of counsel on direct appeal only in the rare case where the record permits a fair evaluation of the merits of the claim."  United States v. Crooks, 83 F.3d 103, 108 (5th Cir. 1996).  Because the record before us does not so permit, we decline to reach the merits of this claim.

AFFIRMED.